**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES WILLIAMS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-448-DWD** |
| | ) | |
| | ) | |
| **LUKING, LPN WELTY, LYNN PITTMAN, LORI CUNNINGHAM, LACY LIVINGSTON, DEANNA BROOKHART, and WEXFORD HEALTH SOURCES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff James Williams, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Williams alleges Defendants were deliberately indifferent to his stomach pains in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Williams makes the following allegations in the Complaint (Doc. 1): On November 18, 2019, Williams started experiencing abdominal pains and at 3:30 a.m. was taken to the healthcare unit (Doc. 1, p. 8). Nurse Welty took his vitals; his blood pressure was 164/84. She labeled him as having gas pains, gave him Tums, and sent him back to his cell (*Id*.). At 7:00 a.m., guards found him on the floor of his cell in pain (*Id*.). Williams went back to the healthcare unit and Nurse Welty stated that she saw him a few hours ago (*Id*.). She did not inform anyone that he had previously been in pain or that his blood pressure was high (*Id*.). At that time, Williams saw Nurse Practitioner Luking who again diagnosed him with gas (*Id*. at p. 7). Williams notes that doctors are not present at the facility on Mondays. Luking ordered x-rays but Williams learned the technician would not be available until noon. He remained in the healthcare unit for seven hours in extreme pain. At 2:30 p.m. he informed a correctional officer that he was still in severe pain. A that time, he was taken to an outside hospital where an x-ray revealed he had gallstones. He was scheduled for surgery the next day.

Williams alleges that while in the healthcare unit Dr. Lynn Pittman was contacted by phone about his condition, but she did not order him to be transported to the hospital. Instead, he sat in the healthcare unit for several hours in extreme pain (Doc. 1, p. 8). Williams also alleges that Lori Cunningham, the healthcare administrator, was aware that there was not a doctor present at the facility on Mondays, but she did not ensure that he received proper medical care from the medical staff. He believes that she would have

been briefed concerning medical operations that day, but she never came to the healthcare unit to see Williams (*Id*. at p. 9).

Williams later wrote a grievance about his treatment (*Id.* at p. 9). Lacy Livingston, the grievance officer, recommended that the healthcare administrator not provide any information concerning Williams's care (*Id*.). Williams alleges Warden Deanna Brookhart is also liable because she was responsible for the daily operations and for Williams's wellbeing. She also signed off on the grievance, agreeing that information about his care should not be provided (*Id*. at p. 10). Williams alleges that Wexford Health Sources was also responsible for the actions of their employees and should have had a doctor present on Mondays to provide care.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Luking, Nurse Welty, Lynn Pittman, and Lori Cunningham for misdiagnosing Williams and delaying his transfer to an outside hospital.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Lacy Livingston and Deanna Brookhart for mishandling and denying Williams's grievance.**

**Count 3:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources for failing to have a doctor present on Mondays.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Williams states a claim in Count 1 against Luking, Nurse Welty, and Lynn Pittman for deliberate indifference. However, Williams fails to state a claim against Lori Cunningham. Williams alleges that she was in charge of daily operations and that the medical staff were indifferent to his pain, but she cannot be held liable on this basis because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). He also does not allege that Cunningham was aware he was in the healthcare unit or that she participated in any way in his care. He only states that he thinks she would have been briefed on the operations in the healthcare unit when she arrived and that she knew no doctor was present on Mondays, but she did not come see him. He fails to allege any facts that would suggest Cunningham personally was aware or participated in the care he received. As such, the claim against Cunningham is **DISMISSED without prejudice**.

Williams also fails to state a claim against Livingston and Brookhart in Count 2. Although Williams alleges that they mishandled his grievance by agreeing that the healthcare administrator should not provide information about his care, the mishandling or denying of grievances by those not personally involved in the underlying

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). There is nothing in the allegations to suggest that either defendant participated in Williams's care. And even though Brookhart was the warden, she is not liable for the actions of her employees. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Count 2 is **DISMISSED without prejudice**.

Williams does state a claim against Wexford in Count 3. Supervisory liability also does not apply to private corporations under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. *Id*. In his Complaint, Williams states that Wexford is responsible because it had a practice of not staffing doctors at the prison on Mondays. As such, Count 3 will proceed at this time.

## Pending Motions

Williams has also filed a motion for counsel (Doc. 3), noting that he only completed the eighth grade and has limited education. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to

the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Williams's motion for counsel (Doc. 3) is **DENIED**. He may renew his request for the recruitment of counsel at a later date.

Williams also filed a motion for status (Doc. 9). Now that the Court has conducted its review of Williams's Complaint, the Court will serve the Defendants. Once Defendants have filed Answers, a scheduling order will be entered setting forth important information and deadlines for discovery in this case.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Luking, Nurse Welty, and Lynn Pittman, but is **DISMISSED without prejudice** as to Lori Cunningham. Count 2 against Lacy Livingston and Deanna Brookhart is **DISMISSED without prejudice**. Count 3 shall proceed against Wexford.

The Clerk of Court shall prepare for Defendants Luking, Nurse Welty, Lynn Pittman, and Wexford Health Sources: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Williams. If a defendant

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Williams, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Williams, and the judgment includes the payment of costs under Section 1915, Williams will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/23/2021**

**DAVID W. DUGAN**
**U.S. District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.