UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES WILLIAMS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:21-cv-00448-GCS** |
| | ) | |
| **CARISSA LUKING, TAMMY WELTY, LYNN PITTMAN, and WEXFORD HEALTH SOURCES, INC. ("Wexford"),** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel against Defendants Wexford Health Sources, Inc., ("Wexford") which was filed on March 31, 2023. (Doc. 64). Plaintiff seeks to compel insurance policy coverage information from Defendants in relation to its contract with the Illinois Department of Corrections ("IDOC"). *See* (Doc. 64, p. 2). Defendants filed a timely Response in Opposition to Plaintiff's Motion to Compel on April 19, 2019. (Doc. 66) In their Response, Defendants claim that Plaintiff did not attempt to communicate with them prior to seeking court intervention and that the information sought is too broad in scope and irrelevant to the case at issue. *See* (Doc. 66, p. 2-3). For the reasons delineated below, Plaintiff's Motion to Compel is **DENIED**.

BACKGROUND

On May 5, 2021, Plaintiff James Williams Jr., an IDOC inmate currently incarcerated at Danville Correctional Center, brought this suit against Defendants

pursuant to 42 U.S.C. § 1983. (Doc. 1). In his Complaint, Plaintiff asserts violations of his Eighth Amendment rights due to Defendants' alleged deliberate indifference to his serious medical needs arising from the treatment of his gallstones. *Id.* On November 23, 2021, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed against Defendants Luking, Welty, Pitman and Wexford. (Doc. 10).[1]

Defendants subsequently filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies along with a Memorandum of Support on August 10, 2022. (Doc. 33, 34). Plaintiff filed a Response in Opposition to the Defendants' Motion on August 25, 2022. (Doc. 39). On January 19, 2023, the Court denied Defendants' Motion for Summary Judgment. (Doc. 58). The Court found that Plaintiff had properly exhausted grievances in relation to Defendants Luking, Welty, and Pittman's treatment of his gallstones. *Id*. at p. 9-13. The Court also found that Plaintiff had exhausted grievances against Defendant Wexford wherein Plaintiff alleged that Wexford had a policy against staffing doctors on Mondays, which he believed caused a delay in the treatment of his gallstones. *Id.* at p. 13-16.

**DISCUSSION**

[1] After this preliminary review, the claim against Defendant Cunningham, an IDOC employee, was dismissed without prejudice for failure to state a claim. (Doc. 10, p. 4). The two surviving counts are: (1) Eighth Amendment deliberate indifference claim against [Nurse Practitioner] Luking, Nurse Welty, [Dr.] Lynn Pittman, and [Healthcare Administrator] Lori Cunningham for misdiagnosing Plaintiff and delaying his transfer to an outside hospital, and (2) Eighth Amendment deliberate indifference claim against Wexford Health Sources for failing to have a doctor present on Mondays. (Doc. 10, p. 3).

Plaintiff's motion relates to five interrogatory questions directed towards Defendants.[2] (Doc. 64, p. 1-2). After receiving these requests, Defendants filed a timely Response asking the Court to deny Plaintiff's Motion. (Doc. 66, p. 1-3). Defendants attached to their Response the short answers to the interrogatories supplied to Plaintiff, which contained their specific objections to each question. (Doc. 66, Exh. 1, p. 1-3). In their Response, Defendants outline two reasons for the Court to deny Plaintiff's Motion. First, that Plaintiff did not send a "good faith communication to Defendants before seeking Court intervention" in violation of Rule 37 of the Federal Rules of Civil Procedure. (Doc. 66, p. 1). Second, Defendants allege that Plaintiff's interrogatories "do not seek facts concerning the allegations" and that the interrogatories are "overly broad" in proportion to the needs of the case. *Id.* at p. 2. The Court agrees with Defendants assessment on both grounds and therefore **DENIES** Plaintiff's Motion to Compel. (Doc. 64).

## I. RULE 37 LACK OF CERTIFICATION

Rule 37 of the Federal Rules of Civil Procedure provides that the moving party must attach "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. PROC. 37(a)(1). Additionally, per the court's case management procedures, "the party seeking the discovery . . . must certify that it

[2] The five interrogatories at issue in Plaintiff's Motion to Compel are: (1) Does Wexford Health Sources, Inc. have a Group Health Insurance Policy with the Illinois Department of Corrections? If so, what are the premiums?; (2) What healthcare issues does this Group Healthcare Insurance Policy cover . . . ?; (3) Does the Wexford Group Health Insurance Policy cover . . . personal injuries?; (4) What is the Health Insurance Policy Number assigned by Wexford provided coverage over the Illinois Department of Corrections?; and (5) What are the Wexford's bylaws of articles of incorporation? (Doc. 64, p. 1-2).

has, in good faith, conferred or attempted to confer with the other party regarding the discovery dispute." (Judge Gilbert C. Sison, Case Management Procedures, p. 6). Plaintiff made no attempt to resolve these matters informally prior to filing the instant motion. While the Court acknowledges the inherent difficulties with Plaintiff representing himself, it does not excuse him from compliance with the rules. Here, a simple letter addressed to Defendants' counsel attempting to work through the objections would have been sufficient to satisfy the requirements of Rule 37.

**II. RULE 26(B)(1) RELEVANCY AND RULE 33(D) BUSINESS RECORDS**

Plaintiff only asserts the following in relation to the scope of the five interrogatories regarding Wexford's insurance policy with IDOC:

> The scope of questions can be very broad, whether you take a deposition or send out interrogatories, you can seek information reasonably calculated to lead to the discovery of admissible evidence.
>
> When you send interrogatories to an organization, you are entitled to corporate knowledge, or the collective memory of all employees and representatives. A typical preface to interrogatory questions instructs the recipient to furnish all information known by or in possession of yourself, your agents, and your attorneys, or appearing in your records.

(Doc. 64, p. 1-2). In their Response, Defendants object to supplying Plaintiff with the policy information because they believe "the requests are overly broad and are not limited in scope or time to the allegations in the Complaint." (Doc. 66, p. 2) Defendants therefore find that the information would not be proportional to the needs of the case. *Id.* Further, Defendants expressed concern that the financial and business information would "only be used for improper purposes" if it were supplied to Plaintiff. *Id.* at p. 2. While Plaintiff is generally correct as to the broad scope of discovery, he has not stated why the

information he desires from Defendants is relevant to his case.

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. PROC. 26(b)(1) (emphasis added); *see also Pegues v. Coe*, Case No. 3:16 CV 239 SMY/RJD, 2017 WL 4922198, at *1 (S.D. Ill. Oct. 31, 2017). The purpose of discovery is to provide a mechanism for making relevant information available to litigants. *See* FED. R. CIV. PROC. 26 Advisory Committee Note to 1980 Amendment. Accordingly, the relevancy requirement is to be broadly construed to include matters "that bear on, or that could reasonably lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted); *see also* FED. R. CIV. PROC. Advisory Committee Note to 1946 Amendment. Nevertheless, the relevancy requirement should be firmly applied, and a district court should not neglect its power to restrict discovery when necessary. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003); *Stephenson v. Florilli Transportation, LLC*, Case No. 3:18-cv-0103-NJR-DGW, 2018 WL 4699863, at *1 (S.D. Ill. Oct. 1, 2018).

Plaintiff requests information about Wexford's insurance premiums as well as the policy numbers that are associated with Wexford's contract with the IDOC. (Doc. 64, p. 1-2). Based on Plaintiff's statement above regarding the supposed scope of discovery, the Court believes Plaintiff was looking at Federal Rule of Civil Procedure Rule 33 to justify his Motion to Compel. Rule 33 of the Federal Rules of Civil Procedure states:

> (d) If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing *a party's business records* (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > (2) *giving the interrogating party a reasonable opportunity to examine and audit the records* and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. PROC. 33(d) (emphasis added). However, Plaintiff has not met his initial burden of demonstrating to the Court the relevancy of the information he desires in relation to his Complaint. Plaintiff has failed to articulate a sufficient reason as to why the information he seeks is relevant nor can the Court readily discern one based on the reasons set forth in the Plaintiff's motion. This is, of course, required in order for Plaintiff to receive the requested information from Defendants.[3] Even if the Plaintiff could somehow articulate why this information is relevant, he would also need to show that it is proportional to the needs of the case, which he has not done either. Therefore, Plaintiffs Motion to Compel is **DENIED.**

[3] Defendants did, however, respond to the question at the heart of Plaintiff's *Monell* claim, which asked about Wexford's staffing procedures for Mondays. (Doc. 66-1, p. 3). Plaintiff did not include this question in his Motion to Compel, suggesting that Defendants' response was adequate.

## CONCLUSION

For the reasons stated above, the Motion to Compel (Doc. 64) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 15, 2023.**

Digitally signed by Judge Sison 2
Date: 2023.09.15 12:33:25 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**